**UNITED STATES of America, Plaintiff,**

**v.**

**BADGER PAPER MILLS, INC., Kimberly-Clark Corporation, The Mead Corporation, Scott Paper Company, Peterson Brothers Co., Merton D. Jensen, Charles W. Stoll, John L. Hebert, Eugene Peterson, and Vincent Peterson, Defendants.**

**No. 62–C–175.**

United States District Court
E. D. Wisconsin.

May 19, 1965.

Joseph J. O'Malley, Dept. of Justice, Anti-Trust Division, Washington, D. C., James B. Brennan, U. S. Atty., Milwaukee, Wis., for plaintiff.

Maxwell Herriott, Quarles, Herriott & Clemons, Milwaukee, Wis. and Darwin E. Smith, Neenah, Wis., for Kimberly-Clark.

Roberts B. Owen, Washington, D. C., Richard W. McLaren, Chicago, Ill., James P. Brody, Milwaukee, Wis., and Norman Heisman, Philadelphia, Pa., for Scott Paper Co.

Ford W. Ekey, Dayton, Ohio, and James Porter, Milwaukee, Wis., for Mead Corp.

Russell W. Bradley, Menomonee, Mich., and Matthew M. Corry, Milwaukee, Wis., for Peterson Brothers and Eugene and Vincent Peterson.

Robert J. Davidson, Milwaukee, Wis., for Merton D. Jensen, Charles W. Stoll and John L. Hebert.

Joseph Dempsey, Oshkosh, Wis., for Badger Paper Mills.

TEHAN, Chief Judge.

In 1961 and 1962, a grand jury impanelled in this district conducted an investigation concerning possible violations of the anti-trust laws in the purchase, sale and resale of pulpwood. No indictment was returned. However, indictments in what might be referred to as cases arising out of this investigation were returned in the United States District Courts for the Western District of Wisconsin and the Western District of Michigan. Both of those criminal cases have been closed.

On June 28, 1962, the complaint in this action was filed in this district by the United States of America alleging that the defendants, American Can Company,[1] Badger Paper Mills, Inc., Kimberly-Clark Corporation, The Mead Corporation, Scott Paper Company, Peterson Brothers Co., Merton D. Jensen, Charles W. Stoll, John L. Hebert, Eugene Peterson and Vincent Peterson, and co-conspirators have engaged in an unlawful combination and conspiracy in unreasonable restraint of trade and commerce in pulpwood in violation of § 1 of the Sherman Act. The action is now being prepared for trial.

In June of 1964, the defendants moved for the production of the minutes of the grand jury testimony of six persons whose depositions the plaintiff proposed to take and who had testified before the grand jury in the investigation referred to above. Briefs with respect to that motion were filed, oral argument was heard and on December 2, 1964, the court entered an order, very restricted in form, directing such production. On December 16, 1964, after the plaintiff had moved for a rehearing, the order of December 2, 1964, was amended to provide that grand jury transcripts sought by the

---

1. American Can Company is no longer a defendant.

defendants need be produced pursuant to that order only if the witnesses the transcripts of whose testimony the defendants sought were actually to be deposed by the plaintiff. The plaintiff subsequently stated that it would not take the proposed depositions, but indicated that four of the proposed deponents would be called by the plaintiff at the trial. A previous list of witnesses to be called by the plaintiff at the trial had included the names of two other persons who had testified before the grand jury.

On February 18, 1965, the defendants again moved for the production of a portion of the grand jury minutes asking that the witnesses themselves, their counsel and defense counsel, be given only the transcripts of the testimony of the six witnesses who had testified before the grand jury and would be called by the plaintiff at the trial.[2] Briefs with respect to this motion have been filed, arguments have been heard, and the court is prepared to render its decision.

The following facts relevant to the defendants' motion have not been controverted by the plaintiff:

(1) Each of the six persons whose grand jury testimony the defendants seek gave testimony before the grand jury in 1961 or 1962 relating to the subject matter of this action.

(2) None of those six persons can now reconstruct in detail or with confidence the testimony he gave before the grand jury. Although most discussed their grand jury testimony with counsel previously, they were unable to recall that testmony in detail.

(3) The plaintiff has been utilizing the grand jury transcript for its trial preparation in this case, including the transcript of the testimony of the six witnesses involved in this motion. The information thus available to the plaintiff can only be secured by counsel for the defendants if they too are permitted to examine the transcript.

(4) Each of the six witnesses involved in this motion has not only consented to disclosure of his grand jury testimony, but also has requested disclosure.

(5) The plaintiff believes that the six witnesses involved in this motion are sympathetic to the defendants' position, and hostile to the plaintiff.

▮ In arriving at our decision, we are well aware of the "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts."[3] We are aware too that "after the grand jury's functions are ended, disclosure is wholly proper where the ends of justice require it."[4] Our consideration of the facts of this case and the authorities relied upon by the parties convinces us that the ends of justice require the limited disclosure of the grand jury testimony sought by the defendants. We are also convinced that permitting such disclosure respects fully the reasons given for the policy of secrecy, those reasons being

"(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have in-

2. Those six witnesses are (1) Eugene Peterson, a defendant herein, (2) Harry F. Bins, retired, formerly an employee of The Charmin Paper Products Company, (3) Howard Palmquist, retired, formerly an employee of American Can Company, (4) H. L. Woodin employee of the defendant Scott Paper, (5) T. L. Christensen, also an employee of Scott Paper, and, (6) Robert Schmeling, an employee of the defendant, The Mead Corporation.

3. United States v. Proctor & Gamble Co. (1958) 356 U.S. 677, at p. 681, 78 S.Ct. 983, at p. 986, 2 L.Ed.2d 1077.

4. United States v. Socony-Vacuum Oil Co. (1940) 310 U.S. 150, at p. 234, 60 S.Ct. 811, at p. 849, 84 L.Ed. 1129.

formation with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt."[5]

The first and fifth reasons obviously have disappeared in this case, where the grand jury proceedings and all criminal proceedings arising therefrom are concluded.

■ Although it has been held that the second reason disappears under the same circumstances,[6] the plaintiff has here argued that the policy of secrecy should protect the grand jurors themselves, even after the proceedings have closed, by preventing the embarrassing or detrimental disclosure of questions they may have asked or opinions they may have expressed during questioning. In our view, however, such protection can easily be assured, should questions and opinions be contained in the portion of the transcript sought, if the order entered provides for excising the names of grand jurors from the transcript, a procedure suggested by Mr. Justice Brennan in his dissenting opinion in Pittsburgh Plate Glass Co. v. United States (1959) 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323.

The plaintiff contends that the third reason for secrecy, to prevent subornation of perjury, is applicable here. We do not agree that this reason outlives the grand jury and criminal proceeding. Rather, we agree with Judge Hartshorne's opinion in the Grunstein case and hold that when all criminal proceedings are concluded and civil action only is pending, the governing Federal Rules of Civil Procedure have resolved any conflict between a desire to prevent a possibility of perjury and a desire to prevent surprise and insure that parties come to trial with full knowledge of the facts in favor of the latter.

The plaintiff's principal argument in opposition to the defendants' motion is that the fourth reason listed above dictates that the secrecy of the grand jury proceedings be maintained in this case. It contends both that the six witnesses here involved should be protected against disclosure of their testimony and that permitting disclosure here, for whatever reason, would detract from the efficacy of the grand jury system by depriving witnesses called by the grand jury of assurance that their testimony would remain secret.[7] We hold, however, that this reason too has no application in this case. As stated before, the witnesses themselves have consented to and requested disclosure of their testimony and do not desire the protection which the plaintiff seeks to invoke in their behalf.[8] And we fail to see how the order sought by the defendants can give future grand jury witnesses cause for concern since the defendants have asked for disclosure only of the testimony of witnesses who have consented and since disclosure is requested only to (1) the witnesses themselves, (2) counsel for the witnesses, and, (3) counsel for the defendants.

Since the information sought is available to and being used by the plaintiff, cannot be obtained by the defendants unless their motion be granted and is relevant, good cause has unquestionably been

---

5. United States v. Rose (C.A.3, 1954) 215 F.2d 617, pages 628–629.

6. United States v. Ben Grunstein & Sons Company (D.C.N.J., 1955) 137 F.Supp. 197.

7. We must here state that counsel for the plaintiff has admitted that no such assurance was made in this case.

8. The plaintiff has stated that the witnesses' consents and requests may be coerced, apparently on the supposition that subtle pressures may have been exerted by corporate employers to obtain consents. As to three of the witnesses, one of whom is a defendant himself and not an employee and two of whom are retired, no coercion has been shown to be even possible. The remaining three have filed affidavits disclaiming coercion and the order to be entered herein will adequately protect them from what the plaintiff refers to as the "prying eye" of their employers.

shown for the limited production sought. We also believe that the defendants have shown compelling and particularized need for its production sufficient to overcome the policy of secrecy of grand jury proceedings in view of the fact that the reasons giving rise to that policy do not exist in this case.

Counsel for the defendants will prepare an order pursuant to this opinion and submit it to opposing counsel for approval as to form.