**UNITED STATES of America, Plaintiff,**

**v.**

**SCOTT PAPER COMPANY et al., Defendants.**

**No. 4343.**

United States District Court
W. D. Michigan, S. D.

May 26, 1966.

———◆———

Paul A. Owens, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Harold D. Beaton, U. S. Dist. Atty., Grand Rapids, Mich., for plaintiff.

Bodman, Longley, Bogle, Armstrong & Dahling, Detroit, Mich., Louis F. Dahling, Detroit, Mich., of counsel, Wheeler, Upham, Bryant & Uhl, Grand Rapids, Mich., Gordon B. Wheeler, Grand Rapids, Mich., of counsel, for defendant Abitibi Corp.

Schiff, Hardin, Waite, Dorschel & Britton, Chicago, Ill., W. Donald McSweeney and William A. Montgomery, Chicago, Ill., of counsel, Warner, Norcross & Judd, Grand Rapids, Mich., Harold S. Sawyer, Grand Rapids, Mich.,

of counsel, for defendant American Excelsior Corp.

Hillman, Baxter & Hammond, Grand Rapids, Mich., Douglas W. Hillman, Grand Rapids, Mich., of counsel, Mortimer E. Graham, Robert J. Kilgore, Erie, Pa., for defendant Hammermill Paper Co.

Warner, Norcross & Judd, Grand Rapids, Mich., Harold S. Sawyer and Charles C. Lundstrom, Grand Rapids, Mich., of counsel, for defendant Menasha Wooden Ware Corp.

Law, Fallon, Weathers, Richardson & Dutcher, Grand Rapids, Mich., Francis X. Fallon, Grand Rapids, Mich., of counsel, Covington & Burling, Washington, D. C., Gerhard A. Gesell, Washington, D. C., of counsel, Norman Heisman, Philadelphia, Pa., for defendant Scott Paper Co.

Nutter, McClennen & Fish, Boston, Mass., John R. Hally, Boston, Mass., of counsel, McCobb & Heaney, Grand Rapids, Mich., Edward C. McCobb, Grand Rapids, Mich., of counsel, for defendant S. D. Warren Co.

## OPINION ON MOTION FOR PRODUCTION OF GRAND JURY TRANSCRIPT

FOX, District Judge.

This is a civil antitrust action in which defendants seek the production of the grand jury transcript of the individual defendants, who have since been dismissed, and of the non-defendant witness, W. Paul Jones.

The plaintiff served upon the defendants a notice on December 28, 1965, that it will call as trial witnesses the individual defendants and W. Paul Jones. Affidavits in support of the motion for production of the grand jury minutes were signed by these individual defendants who were not defendants in the criminal case, with the exception: one defendant attached no affidavit to the motion, and there is the additional affidavit of W. Paul Jones.

The grounds for the motion are:

(1) That there is "good cause" for the production of such transcripts within the meaning of Rule 34 of the Federal Rules of Civil Procedure;

(2) That the policy considerations normally calling for secrecy of grand jury transcripts have no application to the transcripts to which the motion is directed; and

(3) That, in any event, defendants have "a particularized need" for the requested disclosure which outweighs any policy consideration which might otherwise be applicable.

The criminal case ended when the District Judge granted defendants' motion for a judgment of acquittal at the conclusion of the government's case. The overall problem of whether grand jury minutes shall be disclosed is that the need for secrecy must be weighed and subjected to analysis.

Numerous federal courts are in agreement on five reasons which compel the rule of secrecy. United States v. Proctor & Gamble, 356 U.S. 677, at 681–682, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958); United States v. Rose, 215 F.2d 617, at 628–629 (CCA 3, 1954); United States v. Amazon Industrial Chemical Corp., 55 F.2d 254, at 261 (D.C.Md., 1931). These reasons are:

"(1) To prevent the escape of those whose indictment may be contemplated;

(2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends, from importuning the grand jurors;

(3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it;

(4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes;

(5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where

there is no probability of guilt." United States v. Rose, supra, 215 F.2d at 628–629.

■ Reasons number 1, 2, and 3 are no longer reasons for secrecy after an indictment has been returned and a trial completed. Cf. United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129 (1940). And reason number 5 is not here involved.

■ Reason number 4, the need to encourage free disclosure by those who have information of crimes, is a reason for secrecy which can be ignored by no court. It is a reason of paramount importance.

Defendants urge that since the witnesses themselves request disclosure, reason number 4 ceases to exist as an impediment to disclosure.

The government urges that all six witnesses who testified to the facts which form the basis of the instant complaint were employed by the defendants at the time of their grand jury appearance. The government had no access to these witnesses either before or after their appearance before the grand jury; whereas counsel for defendant companies had the opportunity to interview these witnesses extensively both before and after the appearance, and the affidavits of all witnesses, except one, state that they were debriefed by counsel after their appearance before the grand jury. None of the witnesses was subjected to lengthy interrogation before the grand jury.

The motion for production is not "limited" in any sense. The motion requests wholesale disclosure of all the testimony relating to the instant case, not primarily for the benefit of the prospective witnesses, but for the benefit and use of all defense counsel.

In a sense, the government claims defendants' primary purpose is discovery. Strong reliance is placed upon United States v. Proctor & Gamble, supra. Defendants quote from pages 681–683 of 356 U.S., page 986 of 78 S.Ct.:

"* * * we start with a long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts. (Citations omitted.) The reasons are varied. One is to encourage all witnesses to step forward and testify freely without fear of retaliation. The witnesses in antitrust suits may be employees or even officers of potential defendants, or their customers, their competitors, their suppliers. The grand jury as a public institution serving the community might suffer if those testifying today knew that the secrecy of their testimony would be lifted tomorrow. This 'indispensable secrecy of grand jury proceedings,' United States v. Johnson, supra, 319 U.S. 503 at page 513, 63 S.Ct. 1233, at page 1238, 87 L.Ed. 1546, must not be broken except where there is compelling necessity. There are instances when that need will outweigh the countervailing policy. But they must be shown with particularity.

*"No such showing was made here. The relevancy and usefulness of the testimony sought were, of course, sufficiently established. If the grand jury transcript were made available, discovery through depositions, which might involve delay and substantial costs, would be avoided. Yet these showings fall short of proof that without the transcript a defense would be greatly prejudiced or that without reference to it an injustice would be done.* Modern instruments of discovery serve a useful purpose, as we noted in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. They together with pretrial procedures make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent. Id., 329 U.S. at page 501, 67 S.Ct. 385 at page 388. Only strong public policies weigh against disclosure. They were present in Hickman v. Taylor, supra, for there the information sought was in the trial notes of the opposing lawyer. They are present here because of the policy of secre-

cy of grand jury proceedings. We do not reach in this case problems concerning the use of the grand jury transcript at the trial to impeach a witness, to refresh his recollection, to test his credibility, and the like. (Footnote omitted.) *Those are cases of particularized need where the secrecy of the proceedings is lifted discretely and limitedly. We only hold that no compelling necessity has been shown for the wholesale discovery and production of a grand jury transcript under Rule 34. We hold that a much more particularized, more discrete showing of need is necessary to establish 'good cause.'* The court made no such particularized finding of need *in case of any one witness.* It ordered that the entire transcript be delivered over to the appellees. It undoubtedly was influenced by the fact that this type of case is complex, long drawn out, and expensive to prosecute and defend." (Emphasis supplied, except for word "wholesale.")

The government claims the Sixth Circuit necessarily followed the principles enunciated in Proctor & Gamble, supra, and Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959), in the case of Continental Baking Co. v. United States, 281 F.2d 137 (CCA 6, 1960), and quotes from page 148:

"The requests on behalf of the defendants were for the entire transcript of the witnesses' testimony before the Grand Jury. Such a demand lacks the selectivity called for under the law and is in excess of the particularized need occasioned by the Government's limited use. This practice has been condemned by the Supreme Court as 'wholesale discovery.' "

The government emphasizes that corporate defendants obtained the consent of their employees and former employees to disclosure, and urges that it is not unreasonable to indulge the presumption that these witnesses believed that their refusal to consent to something which might possibly be of aid to their employer would be viewed at least as a reflection on their loyalty to the company, and at most, a sign of outright hostility.

Defendant corporations are in a position to exert economic coercion over such witnesses, and the government urges that the potential of such coercion is a continuing factor which should cause the courts to apply reason number 4 as a rationale for preservation of the secrecy of the grand jury's minutes.

Defendant Scott Paper in its reply memorandum states it has no quarrel whatever with the general principles upon which the government relies. Its position is the same as in United States v. Badger Paper Mills, Inc., 243 F.Supp. 443 (E.D. Wis., 1965).

There are two unique and critical facts present in this case which distinguish it from the cases cited by the government to show that the discovery requested would inhibit grand jury testimony in the future.

First, each of the six witnesses has reviewed the form of order presented with this motion, consents to it, and affirmatively requests its entry by the court; and, second, under the order's express terms, only the witness himself, counsel selected by him, and defense counsel whose identity is known to the witness will be allowed to see a particular witness's testimony. The order forbids any counsel "to reveal to any other person, including employers of the witnesses (either by showing such person a copy of the transcript or otherwise) the form or substance of the testimony given by the six individuals named herein before said grand jury."

Chief Judge Tehan entered an identical order in United States v. Badger Paper Mills, Inc., supra, " * * * we fail to see how the order sought by the defendants can give future grand jury witnesses cause for concern since the defendants have asked for disclosure only of the testimony of witnesses who have consented and since disclosure is requested only to (1) the witnesses themselves, (2) counsel for the witnesses, and, (3) counsel for the defendants." 243 F.Supp., at page 446.

And as the Court of Appeals of the Ninth Circuit stated in United States Industries, Inc. v. United States District Court, 345 F.2d 18 (CCA 9, 1965), cert. den. 382 U.S. 814, 86 S.Ct. 32, 15 L.Ed.2d 62:

"* * * if the reasons for maintaining secrecy do not apply at all in a given situation, or apply to only an insignificant degree, the party seeking disclosure should not be required to demonstrate a large compelling need." Id. at 21.

Scott Paper urges that since the order itself is particularized, it contains safeguards protecting against the hypothetical contingencies argued by the government.

See also, Pittsburgh Plate Glass Co. v. United States, supra, 360 U.S. at 406, 79 S.Ct. 1237 quoting with approval 8 Wigmore, Evidence (3rd Ed., 1940) Section 2362 at 725; and Calkins, Grand Jury Secrecy, 63 Mich.L.Rev. 455, 461 (1965):

*"In revealing damaging evidence before the grand jury, the witness must expect that such evidence will be disclosed at trial.* Therefore, any hesitance that a witness might have in divulging harmful evidence before the grand jury ordinarily would be based upon a fear of the eventual necessity of giving that same evidence *in open court* rather than the fear that, having once given such harmful evidence, his grand jury testimony might be divulged." (Emphasis supplied.)

Thus, says Scott Paper, since the moving parties do not and cannot have complete knowledge of the contents of these grand jury transcripts, there is good cause for limited disclosure under Rule 34 of the Federal Rules of Civil Procedure.

■ As matters now stand, the net result is precisely as though the government had been permitted in 1961 and 1962 to take private ex-parte depositions of six men who are now to testify at the trial. The government has failed to present plausible reasons why the inequitable advantage should be preserved, and accordingly, conventional considerations of grand jury secrecy must be set aside in the unique circumstances presented by the instant case.

In City of Philadelphia v. Westinghouse Electric Corp., 210 F.Supp. 486, 489 (E.D.Pa., 1962), the government conceded that the court had the power to order disclosure to non-government litigants of the testimony previously given by a witness on the same subject matter to a federal grand jury.

Rule 6(e) of the Federal Rules of Criminal Procedure sets forth the traditional rule of grand jury secrecy and [1] the occasions upon which that secrecy can be dropped.

■ There is a consensus in federal courts that disclosure of grand jury testimony is a matter left to the considered discretion of the trial judge. Pittsburgh Plate Glass Co. v. United States, supra; United States v. Proctor & Gamble, supra; United States v. Rose, supra; In re Grand Jury Proceedings, 4 F.Supp. 283 (E.D.Pa., 1933).

The second sentence of Rule 6(e) of the Federal Rules of Criminal Procedure al-

[1] Secrecy of Proceedings and Disclosure. Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise a juror, attorney, interpreter or stenographer may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. No obligation of secrecy may be imposed upon any person except in accordance with this rule. The court may direct that an indictment shall be kept secret until the defendant is in custody or has given bail, and in that event the clerk shall seal the indictment and no person shall disclose the finding of the indictment except when necessary for the issuance and execution of a warrant or summons.

lows the court to direct disclosure of grand jury matters preliminarily to or in connection with a judicial proceeding.

In Proctor & Gamble, supra, the Supreme Court clearly stated that the policy of secrecy accorded to grand jury proceedings can only be outweighed by a countervailing policy upon a showing of particular need, or compelling necessity, or that the ends of justice require it. See also Pittsburgh Plate Glass Co. v. United States, supra.

■ These cases likewise decided that relevancy and usefulness of testimony are not enough to satisfy these standards of necessity and justice. United States v. Proctor & Gamble, 356 U.S. 682–683, 78 S.Ct. 983; Pittsburgh Plate Glass Co. v. United States, 360 U.S. at 400, 79 S.Ct. 1237.

In United States v. Proctor & Gamble, supra, at 356 U.S. 683, 78 S.Ct. 983, the Supreme Court implied that grand jury minutes would be discoverable by a defendant in a civil antitrust suit instituted by the government on a showing of "particularized need." The grand jury is an arm of the court rather than an arm of the United States Government.

"The Constitution itself makes the grand jury a part of the judicial process. * * * Proceedings before a grand jury constitute a 'judicial inquiry.' * * * *" Cobbledick v. United States, 309 U.S. 326, 327, 60 S.Ct. 540, 542, 84 L.Ed. 783 (1940).

■ Because plaintiff United States in the instant case is not acting through the court, but through its executive arm, the Department of Justice, the grand jury testimony is not the "work product" of the plaintiff, protected from disclosure as a limited privilege by Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), where the Court said:

"The way is now clear, consistent with recognized privileges, for parties to obtain the fullest possible knowledge of the issues and facts before trial." Id. at 329 U.S. 501, 67 S.Ct. 389.

One of these privileges is that of the secrecy of the grand jury, and the his-tory of that secrecy is as old as the nation itself.

■ As the Supreme Court stated in United States v. Socony-Vacuum Oil Co., supra:

"Grand jury testimony is ordinarily confidential." Id. at 310 U.S. 233, 60 S.Ct. 849.

But after the grand jury's functions are ended, disclosure is wholly proper where the ends of justice require it. In the present case the grand jury's functions have ended.

In Pittsburgh Plate Glass Co. v. United States, supra, Mr. Justice Brennan in the dissenting opinion (signed by the Chief Justice, Mr. Justice Black, and Mr. Justice Douglas, who wrote the majority opinion in United States v. Proctor & Gamble, supra), stated:

" * * * Nor can we overlook that the Government uses grand jury minutes to further its own interests in litigation. It is apparently standard practice for government attorneys to use grand jury minutes in preparing a case for trial, see United States v. Proctor & Gamble [Co.], 356 U.S. 677, 678, 78 S.Ct. 983, 984, 2 L.Ed.2d 1077, [1082], in refreshing the recollection of government witnesses at trial, see United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 233, 60 S.Ct. 811, 839, 84 L.Ed. 1129, [1173], and when the need arises, in impeaching witnesses at trial, see United States v. Cotter, [CA 2] 2 Cir., 60 F.2d 689. Of course, when the Government uses grand jury minutes at trial the defense is ordinarily entitled to inspect the relevant testimony in those minutes. United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 233, 60 S.Ct. 811, 849, 84 L.Ed. 1129; United States v. Cotter, 2 Cir., 60 F.2d 689, both supra. Indeed, Rule 6(e) of the Federal Rules of Criminal Procedure itself recognizes that grand jury testimony is discoverable under appropriate circumstances. (Footnote omitted.)

"The Court apparently agrees with the conclusion compelled by these prec-

edents, for its opinion states that grand jury minutes are discoverable when ' "a particularized need" exists for the minutes which outweighs the policy of secrecy.' " Id. at 360 U.S. 404–405, 79 S.Ct. 1243.

If the minority were the majority in Pittsburgh Plate Glass Co., it could be construed as compelling authority to grant the defendants disclosure as requested. The instant case is distinguishable on the facts from Pittsburgh Plate Glass, which was a criminal case at which a former grand juror witness was the "principal prosecuting witness" against the defendants. This witness did not consent to nor join with the defendants in a motion for production of his grand jury testimony. However, the motion did call for only the portions of the witness's grand jury testimony which were relevant to the witness's direct testimony. The Supreme Court held that disclosure would be improper because it might tend to inhibit future grand jury testimony.

Also, it should be noted that in the Pittsburgh Plate Glass case criminal proceedings were still in process, which constituted an additional reason for preserving the secrecy of the grand jury testimony.

Therefore, the central question in the instant case is whether or not defendants' proposed order on disclosure might tend to inhibit future grand jury testimony. After reviewing the above authorities, the court is of the opinion that with modification, it will not.

After a full consideration of all the facts and circumstances, briefs and arguments in the instant case, the court will modify the defendants' proposed order in the following respects:

The testimony of each witness who is an individual defendant, and of Mr. W. Paul Jones, shall be made available to each individual witness, and his attorney. Such attorney shall not be the same as any of the attorneys representing the corporate defendants. Individual witnesses may copy dates of meetings, or of relevant events, and the names of persons who attended meetings. If any individual witness desires to copy other portions of the testimony to refresh his recollection, such individual shall make a specific request to the court for such permission.

■ If there are questions by grand jurors intertwined with a witness's testimony, disclosures of which would indicate the juror's opinion or be embarrassing to him, the names of the grand jurors asking the questions shall be excised. Pittsburgh Plate Glass Co., Justice Brennan's dissent, supra, page 407, 79 S.Ct. 1244. Cf. United States v. Gruenwald, D.C., 162 F.Supp. 621.

Each individual defendant, and Mr. Jones, if he so elects, may from his refreshed recollection, assist his own counsel and counsel for the corporate defendants in preparation of the instant case for trial.

The Department of Justice, or the Clerk of the court, as the case may be, shall, within sixty days, deliver to each individual defendant and Mr. Jones, his individual testimony; provided, however, that if the government feels any portion of any individual's testimony should be excised, it shall within thirty days present this request to the court *in camera*. The court will then examine such portions of the testimony so directed to its attention to determine whether any of the overriding or compelling reasons for secrecy exist relative to any such testimony.

With these exceptions to the defendants' proposed order for disclosure, the order will be granted.