STATE OF WASHINGTON et al.

v.

AMERICAN PIPE & CONSTRUCTION CO. et al.

Civ. A. No. 3157, W. D. Wash., S. D.

WASHINGTON PUBLIC POWER SUPPLY SYSTEM

v.

AMERICAN PIPE & CONSTRUCTION CO. et al.

Civ. A. No. 6568, W. D. Wash., N. D.

STATE OF OREGON et al.

v.

AMERICAN PIPE & CONSTRUCTION CO. et al.

Civ. A. No. 65-266, D. Or.

STATE OF HAWAII et al.

v.

AMERICAN PIPE & CONSTRUCTION CO. et al.

Civ. A. No. 2360, D. Hawaii.

SACRAMENTO MUNICIPAL UTILITY DISTRICT

v.

KAISER STEEL CO. et al.

Civ. A. No. 9160, N. D. Cal., N. D.

EAST BAY MUNICIPAL DISTRICT et al.

v.

KAISER STEEL CO. et al.

Civ. A. No. 42929, N. D. Cal., S. D.

UNITED STATES of America et al.

v.

AMERICAN PIPE & CONSTRUCTION CO. et al.

Civ. A. No. 64-832, S. D. Cal., C. D.

CITY OF SAN DIEGO et al.

v.

AMERICAN PIPE & CONSTRUCTION CO. et al. and all Related Cases.

Civ. A. No. 3396, S. D. Cal., S. D.

United States District Court

Aug. 22, 1966.

60

Stanley E. Disney, Barbara J. Svedberg, Los Angeles, Cal., for plaintiff.

Joseph L. Alioto, Maxwell M. Blecher, San Francisco, Cal., for end-user plaintiffs.

Frank D. MacDowell, Hill, Farrer & Burrill, Los Angeles, Cal., for defendants.

DECISION ON DEFENDANTS' MOTION FOR RECONSIDERATION OF COURT'S ORDER ON DISCLOSURE OF GRAND JURY TRANSCRIPT

AND

ALTERNATIVE MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b)

PENCE, Chief Judge.

The government and all other plaintiffs in the above actions have brought

civil antitrust suits against the defendants for money damages. In the course of the extensive but consolidated pre-trial discovery hearings found necessary for the expeditious handling of the multitude of cases here involved, the recurring problem of such civil antitrust litigation, viz., the determination of the propriety of release of grand jury testimony for deposition discovery purposes, is again presented to this court for resolution.

After hearings beginning in September 1962, indictments against most of the present defendants were returned on March 10, 1964 by a grand jury in the Southern District of California, charging them with violations of the Sherman Antitrust Act in the manufacture and sale of their several concrete and steel pipe product lines. On March 30, 1964, the defendants named in those indictments plead *nolo contendere*. The judge before whom the pleas were made directed counsel for both the defendants and the government to submit confidential reports to the probation officer for use in preparing a presentence investigation report. Pursuant to those directions, the government prepared and turned over to the probation officer a "Memorandum of Government Relating to the Imposition of Sentences and Fines."

The government admits that the document contained information coming within the purview of the grand jury secrecy provision of Rule 6(e) of the Federal Rules of Criminal Procedure. The sentencing judge, in exercise of his discretion, permitted defense counsel to inspect the Memorandum before their clients were sentenced.

Before the termination of the criminal proceedings, six competitor private treble damage suits had been commenced against the corporate defendants who had been indicted,[1] and subsequent to the imposition of sentences, the plaintiffs in those civil actions sought access to the government Memorandum. The judge hearing those suits, on October 6, 1964, ruled that the sealing order on the Memorandum should be vacated and ordered disclosure of the same to the civil plaintiffs as part of discovery proceedings.

On appeal from that ruling,[2] the court sustained (with certain modifications) the district court's order unsealing the Memorandum.

Since the conclusion of the criminal proceedings, the government as well as some 400 "end-user" plaintiffs have filed treble damage actions against the present defendants in all districts in the states of Hawaii, Washington, Oregon and California.

In December 1965, this judge was assigned to sit in all those districts and handle all of the "pipe" cases, both "competitor" and "end-user" wherever filed in the Ninth Circuit, and all "pipe" cases then and thereafter filed in any district have been transferred to my calendar.

On February 28, 1966, over the government's objections, this court by Pre-Trial Order No. 3 (End-User), consolidated all discovery in all end-user cases and as a part of such consolidation ordered the government to cooperate and work in concert with all other end-user plaintiffs in all discovery proceedings.

On June 30, 1966, over strong opposition of defense counsel, this court ordered that in the taking of depositions, counsel for the United States was authorized to (1) suggest to other plaintiffs' counsel subject matters of inquiry for particular witnesses and (2) discuss with other plaintiffs' counsel matters into which the government desired inquiry to be made (including, by inference, authority to apprise counsel interrogating for plaintiffs at any deposition that the testimony of a

---

1. Civil antitrust suits were first filed by competitors as early as March 1963.

2. United States Industries, Inc. v. United States District Court, 345 F.2d 18, 23 (9th Cir. 1965).

witness is or may be inconsistent with his grand jury testimony). The order expressly provided, however, that counsel for the government should not refer or otherwise make available to counsel for any other plaintiff a copy of the grand jury transcript or any portion thereof, or extracts or summaries thereof, or reveal to non-government counsel the specific testimony of any witness except to the witness himself.

Defendants have now moved (1) the court for reconsideration of that order on the ground that the order permits disclosure of matters occurring before the grand jury to persons other than attorneys for the government in the performance of their duties, claiming that such disclosure would be in violation of Rule 6(e) of the Federal Rules of Criminal Procedure, or (2), in the alternative, that the court certify the order as appealable pursuant to 28 U.S.C. § 1292(b).

■ Rule 6(e) specifically authorizes government attorneys to use matters occurring before the grand jury (other than its deliberations and votes) in the performance of their duties. This, of course, includes the use by the government of grand jury transcripts in preparing civil cases for trial.[3]

Under the Publicity in Taking Depositions Act, 15 U.S.C. § 30, all depositions taken on behalf of the government in a private antitrust action are required to be open to the public. As indicated above, this court by Section III–B of Pre-Trial Order No. 3 (End User) ordered that all

> "depositions shall be taken by the plaintiffs on a joint basis. Insofar as possible, plaintiffs shall select one counsel to conduct the interrogation of each deponent; provided, however, that counsel for other plaintiffs may

also examine any such deponent on any subject on which examination is permitted under this order peculiar to a case or cases in which that counsel is of record. No duplicative examination will be permitted by such other counsel."

By virtue of that order it is conceivably possible that government attorneys could act as interrogating counsel in taking all depositions and, if so, the grand jury transcripts would be available for use by them, and the information in the depositions elicited as a result thereof would become open for use by all plaintiffs. However, it was never the intention of the court that the government counsel would be saddled with the burden of examining all deponents, and it is not necessary that they should carry such a burden.

One of the reasons for this court's order in Section III–B was to limit the number of times a witness could be deposed. Most if not all of the depositions contemplated by the plaintiffs will be of employees, past and present, of the Defendants, including in that term, of course, many of the top administrative officials of the defendant corporations. The tightly timed series of some 50 depositions has already been scheduled and if there is not close cooperation between government and other plaintiffs' counsel in the taking of those depositions, this court's discovery program aimed at bringing the government case to trial in October 1967 and making all other plaintiffs' cases ready for trial within a very short period thereafter, will fail. These are compelling reasons for permitting the government to make suggestions and disclosures to other plaintiffs' counsel within the limits of the June 30, 1966 order.

■■ It is now well settled that a violation of traditional grand jury se-

---

**3.** United States v. Procter and Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed. 2d 1077 (1958); United States v. Carter Products, Inc., 27 F.R.D. 243 (S.D.N.Y. 1961); United States v. Pennsalt Chemi-

cals Corp., 260 F.Supp. 171 (E.D.Pa. 1966); United States v. Badger Paper Mills, Inc., 243 F.Supp. 443 (E.D.Wis. 1965).

crecy may be permitted upon a showing of particularized and compelling need.[4] There is no absolute prohibition against disclosure but rather, the same is left to the judicial discretion of the district court.[5] Of the five reasons for preserving inviolate the minutes of the grand jury set forth in United States v. Amazon Ind. Chem. Corp., 55 F.2d 254 (D.Md. 1931), and approved by the Ninth Circuit in United States Industries, supra note 2, 345 F.2d at 22, only the fourth: "to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes", has any possible application to the instant problem, and here, even it is no longer of much weight.

Over two and one-half years have passed since the indictments were returned and pleas entered by the defendants. Over one year has passed since the government Memorandum was unsealed. From the United States Industries opinion it would appear that there is very little information now in the government files which was not heretofore disclosed to defendants and defendants' counsel, as well as certain competitor plaintiffs and their counsel (some of whom are counsel for certain plaintiffs in the end-user cases). In addition thereto, the government, the party most concerned, for the fourth reason, supra, with the effect of disclosure upon future antitrust and other criminal prosecutions, is here urging that it be permitted to make disclosures within the limits of the court's order of June 30, 1966, supra.[6]

Apparently all of the plaintiffs in these end-user cases are either states, municipalities, or corporations actually or closely akin to quasi-public corporations. What Judge Clary said in the City of Philadelphia case (note 6 at 489), viz.:

"The unique nature of these cases and this program of discovery must be given considerable weight. These depositions are binding upon all plaintiffs. And most of these plaintiffs—states, municipalities, and public utilities—are inherently charged with the duty to protect wide-reaching public interests."—

is just as true in the cases now before this court, and the compulsive joinder of the government with the other plaintiffs in all discovery adds to that uniqueness. If the discovery program is to proceed with the speed and efficiency demanded, there is a compelling need for the disclosure requested. Such disclosure is also required in furthering the vigilant enforcement of the antitrust laws allegedly here applicable to these defendants. The Ninth Circuit has already put its stamp of approval upon the release of grand jury information in support of liberal discovery rules.[7]

■ It is now well settled that disclosure rather than suppression of relevant materials in grand jury minutes ordinarily promotes the proper administration of justice, both civil and criminal,[8] and it is no longer necessary in

---

4. Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959); United States v. Procter and Gamble Co., supra note 3, 356 U.S. at 683, 78 S.Ct. 983.

5. United States Industries, Inc. v. United States District Court, supra note 2, 345 F.2d at 21.

6. Cf. City of Philadelphia v. Westinghouse Electric Corp., 210 F.Supp. 486 (E.D.Pa. 1962).

7. Olympic Refining Co. v. Carter, 332 F.2d 260, 264 (9th Cir. 1964), cert. denied November 9, 1964, 379 U.S. 900, 85 S.Ct. 186, 13 L.Ed.2d 175; United States Industries, Inc. v. United States District Court, supra note 2.

8. Dennis v. U. S., 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (June 20, 1966), note 15; Atlantic City Electric Co. v. A. B. Chance Co., 313 F.2d 431 (2d Cir. 1963); United States Industries v. United States District Court, supra note 2; Olympic Refining Co. v. Carter, supra note 7.

every case that the trial judge, like a fussy hen, scratch through the grand jury transcript *in camera* before permitting disclosure of relevant testimony therein.[9]

 As indicated above, this multiple litigation was referred to a single judge to conserve the time, energy and cost of the litigants and the court through coordinated, efficient and economic administration as well as speedy resolution of pretrial discovery and other problems of multiple litigation. In the implementation of these objectives, here this court sees a "particularized need"—certainly for the plaintiffs and the court—for the lifting of the secrecy of the grand jury proceedings in the limited and discreet manner requested by the plaintiffs and heretofore authorized by this court in its bench ruling and order of June 30, 1966— without thereby inferring that no fuller disclosure or use of the grand jury transcript might not be permitted upon proper showing of need therefor.

In view of the court's determination of the need for the limited discovery authorized here, as well as the liberality of disclosure of grand jury, information authorized by Olympic Refining, United States Industries and Dennis, supra,[10] this court finds no merit in defendants' alternate motion that this court's order of June 30, 1966 include a statement certifying said order as appealable pursuant to 28 U.S.C. § 1292(b). The court does not see that there is any reasonable "ground for a difference of opinion" on the necessity for and lawfulness of the disclosure here authorized by the court.

Defendants' motions are denied.

9. Dennis v. United States, supra note 8.
10. See also Denis McInerney, Discovery and Use of Grand Jury Minutes, 1966

Antitrust Law Symposium, CCH Trade Reg.Rep. 91, 104–08.