**UNITED STATES of America,**
**Appellee,**

v.

**Vera GARCIA, Appellant.**

**No. 392, Docket 34120.**

United States Court of Appeals
Second Circuit.

Argued Jan. 6, 1970.

Decided Jan. 14, 1970.

---

J. Daniel Sagarin, Asst. U. S. Atty., for the District of Connecticut (Stewart H. Jones, U. S. Atty., on the brief), for appellee.

Donald G. Walsh, New Haven, Conn., for appellant.

Before LUMBARD, Chief Judge, FRIENDLY, Circuit Judge, and JUDD, District Judge.*

PER CURIAM:

Vera Garcia's appeal from her conviction on two counts of perjury and one count of filing a false statement before a federal grand jury in Connecticut is affirmed. The evidence from which the jury could find guilt was abundant, and we find no errors in the conduct of the trial or the charge of the court.

The appellant claims error because the government in securing her indictment, used the testimony given by her before one grand jury in the District of Connecticut on February 27, 1968 (and a statement filed there on June 16, 1967), and presented it to a different grand jury of the same district which, on February 18, 1969, returned the indictment on which she was tried and convicted. It is claimed that this use, without court approval, was a violation of Rule 6(e) of the Federal Rules of Criminal Procedure which provides in part:

"* * * a juror, attorney, interpreter, or stenographer * * * may disclose matters occurring before a grand jury only when so directed by the court * * *."

except for disclosure

"* * * to the attorneys for the government for use in the performance of their duties."

The remainder of the rule imposes limitations on any other disclosure which cannot be made without a direction by the court.[1]  Consequently, it is urged

---

* Sitting by designation.

1.  The rule, in its entirety, provides:
     (e) *Secrecy of Proceedings and Disclosure.*  Disclosure of matters occurring before the grand jury other than its deliberations and · the vote of any juror may be made to the attorneys for the government for use in the performance of their duties.  Otherwise a juror, attorney, interpreter, stenographer, operator of a recording device, or any typist

that the indictment should have been dismissed as the appellant asked by timely motion. We disagree.

 The rule itself provides that disclosure "may be made to the attorneys for the government for use in the performance of their duties." Surely the performance of his duty by the United States Attorney required him to prosecute any perjury committed before a grand jury, and to do so before the same grand jury or any grand jury constituted for the district where the perjury had been committed. No purpose would be served by requiring the court to approve a use of grand jury minutes which is implicit in the duties of the United States Attorney.

There has never been any question of the right of government attorneys to use grand jury minutes, without prior court approval, in preparation for trial and even to make them public at trial to the extent of referring to such minutes during the examination of witnesses. I Wright, Federal Practice and Procedure, Criminal, § 107, and cases cited therein at notes 16 and 17 (1969). If government attorneys have the right to use grand jury minutes to the extent of making them public during a trial, without court approval, it is certainly no less a proper performance of their duties to use them without court approval before another grand jury where the proceedings are secret and the purpose is the enforcement of the perjury and false statement statutes. We are not persuaded to the contrary by anything in the holding or language of Chief Judge Thomsen in In re Grand Jury Investigation of the Banana Industry, 214 F.Supp. 856 (D.Md.1963), where the permission

sought was for use in another district of another circuit.

 Appellant also complains that prejudicial error was committed by the admission of evidence that other members of Paul Coppola's family, in addition to the appellant, who was his sister, submitted affidavits to the Internal Revenue Service in Coppola's behalf in the course of an investigation which the Service was making into his tax returns. While the brief references to such other affidavits were of doubtful relevance, we cannot see how they were unfairly prejudicial. In any event, in view of the overwhelming proof of appellant's guilt they were clearly harmless.

The other claims of error have been considered and do not merit comment.

Conviction affirmed.

who transcribes recorded testimony may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. No obligation of secrecy may be imposed upon any person except in accordance with this rule. The court may direct that an indictment shall be kept secret until the defendant is in custody or has given bail, and in that event the clerk shall seal the indictment and no person shall disclose the finding of the indictment except when necessary for the issuance and execution of a warrant or summons.