James R. COSON, Plaintiff-Appellant,

v.

UNITED STATES of America et al.,
Defendants-Appellees.

No. 76–1410.

United States Court of Appeals,
Ninth Circuit.

March 24, 1976.

William N. Snell (argued), of Thomas, Snell, Jamison, Russell, Williamson & Asperger, Fresno, Cal., Edgar L. Fraser (ar-

**1120**

gued), of Wadsworth, Fraser & Dahl, Los Angeles, Cal., for plaintiff-appellant.

Anthony Capozzi, Asst. U. S. Atty. (argued), Fresno, Cal., for defendants-appellees.

Before GOODWIN, WALLACE and SNEED, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of contempt of the grand jury upon the refusal of James R. Coson to produce corporate records in response to grand jury subpoena. We affirm.

The district court findings, which are supported by the record, establish all the facts necessary to support the conviction. The federal grand jury in Fresno, California, has been investigating possible criminal violation of the internal revenue laws by Coson, Fresno Brass Works, Catalina Brass Company, Inc., and others. Coson was duly served with a valid subpoena describing the demanded records, more than two weeks before his scheduled appearance before the grand jury. He refused to produce the records, was cited into the District Court, persisted in his refusal, and was found in contempt.

■ Coson has been consistent in his refusal to produce the records of the corporations, now defunct, of which he was owner and managing agent. In *United States v. Coson*, 515 F.2d 906 (9th Cir. 1975), cert. denied, 423 U.S. 927, 96 S.Ct. 272, 46 L.Ed.2d 253 (1975), we held that Coson was entitled to witness fees upon the enforcement of a summons issued by the Internal Revenue Service for the same records which Coson is here claiming he does not have to produce. Because Coson later urged upon the District Court the pendency of this criminal investigation, the District Court stayed the enforcement of the I.R.S. summonses challenged in the former litigation. Now Coson contends the I.R.S. should have followed its administrative procedure instead of this grand jury subpoena. He also seeks to reargue the business of witness fees which we covered in detail in reference

to an I.R.S. summons. However, when the Government issues a subpoena to a witness before a grand jury, there is no need to tender fees in advance. Such fees are paid upon presentation of a certificate signed by the United States Attorney or his assistant to the marshal for the district. 28 U.S.C. § 1825.

■ Coson also argues that service of the subpoena by an agent of I.R.S. was defective because the agent was "a real party in interest." The fact that the agent works for the Government, or even that he is working on some phases of the pending investigation does not make him a real party in interest. Such an agent is specifically authorized to serve subpoenas. 26 U.S.C. § 7608(b)(2)(A).

■ Coson claims Fifth Amendment protection for the subpoenaed records. Corporate business records are not so protected. *Bellis v. United States*, 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974). He also argues that some of the subpoenaed records go back beyond the statute of limitations. This point might bar some possible prosecutions, but it has nothing to do with the grand jury's right to inquire into crimes. Time-barred facts may be relevant on questions of intent.

■ Substantial brief space was occupied with an interesting speculation about the potential evils of grand jury investigations that might produce evidence which might improperly find its way into the hands of governmental agencies for use in future hypothetical civil litigation. It is sufficient to observe that this point can be argued when and if a timely motion to suppress evidence is made in a civil case.

■ A district court in a factual situation somewhat comparable to that of this case refused a protective order that was sought to prohibit I.R.S. agents from reviewing records that had been subpoenaed by the grand jury. *In Re Grand Jury Investigation William H. Pflaumer & Sons, Inc.*, 53 F.R.D. 464 (E.D.Pa.1971). We believe the *Pflaumer* court correctly concluded that it

should not deny I.R.S. agents access to the subpoenaed records. The I.R.S. agent's special knowledge and skill in examining corporate records were deemed a legitimate, as well as an advisable, resource in the United States Attorney's conduct of an investigation of possible crimes. We reserve the question of the use of such records, so discovered, in subsequent civil litigation.

Finally, Coson relies upon *United States v. Alter*, 482 F.2d 1016 (9th Cir. 1973) for a number of procedural points, none of which is well taken. For example, he argues that because he alleged a failure by the I.R.S. to comply with its internal procedures, the Government must now come forward and affirm or deny that allegation by affidavit as is required of the Government following an allegation of illegal wire tapping under *United States v. Alter*. This argument extends *Alter* beyond its proper scope. Noncompliance with the internal procedures involved here, even if such noncompliance were established as a fact, would not deprive Coson of a constitutional right under the Fourth Amendment or otherwise. Nor does the subpoena of records applicable to tax years barred by limitations require the invocation of *Alter*. Coson has tendered other arguments of similar import, but none constitutes a defense to his contempt.

The wiretap cases present special problems in statutory and Fourth Amendment construction, and are not particularly instructive when employed in a general attack on grand jury subpoenas at large. More instructive are such cases as *United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974), where the Supreme Court set its face against the interruption of grand jury investigations to try out such questions as competency and relevancy. In *Calandra*, the Court held that a witness properly before the grand jury must testify even though he claims that some of the questions asked were prompted by information obtained in a search that offended the Fourth Amendment. In light of *Calandra*, and our own recent decision in *United States v. Weir*, 520 F.2d 662 (9th

Cir. 1975), we agree with the District Court that the points which Coson attempted to raise in this case could not prevail against a proper subpoena.

The judgment of contempt is affirmed. The balance of the stay of execution granted in the district court will permit Coson to purge himself of his contempt or surrender to the marshal as he chooses. The mandate will issue now.