In the Matter of the Grand Jury
Subpcena of FRED R. WITTE
CENTER GLASS NO. 3.

Fred R. WITTE, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 76–3061.

United States Court of Appeals,
Ninth Circuit.

Oct. 26, 1976.

Clyde R. Maxwell (argued), of Newport Beach, Cal., for petitioner-appellant.

Thomas M. Coffin, Asst. U. S. Atty., San Diego, Cal. (on the brief), Terry J. Knoepp, U. S. Atty., San Diego, Cal., for respondent-appellee.

Before TRASK, SNEED and KENNEDY, Circuit Judges.

SNEED, Circuit Judge:

Fred R. Witte appeals from an order of the district court finding him to be a recal-

citrant witness within the meaning of 28 U.S.C. § 1826(a) because he "refused without just cause to produce documents know as the 'Teerlink' work papers" before a grand jury as directed by a subpoena issued August 13, 1976 and served August 18, 1976. The work papers referred to in the subpoena were prepared by Richard Teerlink, an accountant, in connection with the corporate affairs of Center Glass Company No. 3 and related business enterprises. The subpoena initially was directed to John Dimaggio, vice-president of Center Glass Company No. 3, but he was substituted out when Fred R. Witte appeared before the district court and agreed to stand in his stead. The grand jury is investigating the possible criminal liability under federal tax laws of Center Glass Company No. 3 and there is no assurance that this investigation will not concern itself with possible similar liability of Fred R. Witte. The subpoena described the papers sought as "all work papers of Richard Teerlink."

## I.

Appellant Witte's basic position is that the Fifth Amendment's self-incrimination privilege justifies his failure to comply with the subpoena. In support of this position he asserts that he now is the "owner" of the Teerlink papers, that the work papers contain references to his personal tax liability, and that the district court is seeking to compel him to produce incriminating evidence. The Government, on the other hand, insists that under *Fisher v. United States*, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976), the Fifth Amendment privilege is unavailable under the circumstances of this case.

In *Fisher* the issue as stated by the Court was:

". . . whether a summons directing an attorney to produce documents delivered to him by his client in connection with the attorney-client relationship is enforceable over claims that the documents were constitutionally immune from summons in the hands of the clients and retained that immunity in the hands of the attorneys." At 393, 96 S.Ct. at 1572. The documents sought in *Fisher* were obtained by the client from his accountant and related to the preparation by the accountant of the client's tax returns. They were transferred by the client, in order to obtain legal assistance, to his attorney to whom the challenged Internal Revenue Service summons was directed.

In holding that the attorney must comply with the summons the Court concluded that, even though the attorney-client privilege under the circumstances of *Fisher* would permit an attorney to refuse to produce documents which the client under the Fifth Amendment was privileged to refuse to produce, the client was not entitled under the Fifth Amendment to refuse to produce an accountant's work papers in his possession. The Court observed:

"A subpoena served on a taxpayer requiring him to produce an accountant's work papers in his possession without doubt involves substantial compulsion. But it does not compel oral testimony; nor would it ordinarily compel the taxpayer to restate, repeat or affirm the truth of the contents of the documents sought. Therefore, the Fifth Amendment would not be violated by the fact alone that the papers on their face might incriminate the taxpayer, for the privilege protects a person only against being incriminated by his own compelled testimonial communications. [Citations]. The accountants' work papers are not the taxpayer's. They were not prepared by him, and they contain no testimonial declarations by him. Furthermore, as far as this record demonstrates, the preparation of all of the papers sought in these cases was wholly voluntary, and they cannot be said to contain compelled testimonial evidence, either of the taxpayer or of anyone else. The taxpayer cannot avoid compliance with the subpoena merely by asserting that the item of evidence which he is required to produce contains incriminating writing, whether his own or that of someone else." At 409, 96 S.Ct. at 1580.

This passage, the Government asserts, is applicable to the facts of this case and constitutes authority sufficient to support the district court's order. We agree.

Appellant Witte seeks to distinguish *Fisher* in several ways. First, he asserts that Teerlink, under California law, Business and Professions Code of California, section 5037, owned his work papers and that his title thereto was transferred to Witte and that this fact distinguishes *Fisher*. As indicated above, the Court in *Fisher* did observe that in that case the client did not own the work papers. Thus, assuming without deciding that appellant is right about California law and his ownership of the work papers, this would distinguish this case from *Fisher* in a factual sense. However, the distinction does not render *Fisher* inapplicable.

■■■■ We read *Fisher* as resting on a broader principle. It permits compulsion by way of a summons or subpoena to produce documents when their *production* does not "ordinarily compel the taxpayer to restate, repeat or affirm the truth of the content of the documents sought." Mere ownership of an accountant's work papers does not convert the production of such papers into an affirmation of the truth of their contents.

■■■■ We recognize that possibly there may exist situations in which the compelled production of papers, even perhaps an accountant's work papers, reasonably may be designated as involving a "compulsory authentication of incriminating information." *See Andresen v. Maryland,* 427 U.S. 463, 96 S.Ct. 2737, 2745, 49 L.Ed.2d 627 (1976). No showing has been made here sufficient to raise this issue. The fact that information in the papers is incriminating is not sufficient.

Appellant also attempts to distinguish *Fisher* on the ground that here the work papers were subpoenaed directly from the party claiming the Fifth Amendment, while in *Fisher* the subpoena was directed against the party's attorney. But, as noted above, *Fisher* was decided specifically on the basis that the taxpayer would have had no Fifth Amendment privilege if he had held the

work papers himself (and therefore the work papers were also not privileged in the hands of the attorney). 425 U.S. at 405, 96 S.Ct. at 1578.

Finally, appellant Witte notes that the Supreme Court in *Fisher* did not explicitly overrule *United States v. Cohen,* 388 F.2d 464 (9th Cir. 1967), in which this circuit ruled *inter alia,* that the privilege against self-incrimination is applicable to one "who is in possession, with the consent of an accountant, of work papers created by the accountant from information supplied by the person claiming the privilege." 388 F.2d at 472. *Cohen* must be viewed as implicitly overruled to the extent that it is contrary to *Fisher.*

## II.

Two further arguments are urged on appeal against the district court's order. First, appellant contends that the district court should have held an evidentiary hearing

> "as to the contents and nature of the workpapers; whether corporate or individual; in what capacity they were held by the witness, Fred R. Witte; and whether the witness had possession or control of the documents at the time of service of the subpoena." Appellant's Opening Brief, at p. 10.

There would not appear to be any controversy that appellant had possession of the documents at the time of service nor that the work papers deal, at least in part, with the transactions of the corporate affairs of Center Glass Company No. 3. No such claims were raised in the district court. Appellant appears to be arguing that an evidentiary hearing should have been held on issues that he believes relevant to the applicability of *Fisher*—specifically, whether the work papers were the personal property of Witte and whether the work papers contained information on the individual tax liability of Witte. As noted already, a hearing with respect to the first issue would be useless; *Fisher* applies whether the work papers are the property of the claimant, the

accountant, or a third party. Also as noted above, the fact that the work papers might contain incriminating information does not justify a refusal to produce. A claim that their production would constitute an implied authentication would stand on different footing; however, no such claim has been raised here. No evidentiary hearing was necessary.

■ Finally, appellant urges that the district court erred in denying him a protective order precluding the investigating special agent of the Internal Revenue Service from access to the subpoenaed documents. Appellant fears that such documents will be used as part of a current civil tax liability investigation of Center Glass Company No. 3 and related business enterprises; administrative subpoena orders stemming from that investigation (none of which cover the "Teerlink" work papers) are presently stayed pending appeal to this court.

The protective order should have been denied. As this court ruled only recently, IRS agents should not be denied access to the subpoenaed records.

"The I.R.S. agent's special knowledge and skill in examining corporate records were deemed a legitimate, as well as an advisable, resource in the United States Attorney's conduct of an investigation of possible crimes." *Coson v. United States*, 533 F.2d 1119, 1121 (9th Cir. 1976).

Whether such records can be used as evidence in a future hypothetical civil litigation can be properly decided on a timely motion to suppress in such case.

The order is therefore

AFFIRMED.

KENNEDY, Circuit Judge (concurring):

I concur in the opinion of Judge Sneed, but should like to add these remarks.

It is important to state that a subpoena to produce documents may elicit testimonial assertations that pertain to matters quite aside from authentication. By complying with a subpoena, a witness may be forced to communicate his state of mind, his memory, his perception, or his cognition; and such evidence may relate either to the documents to be produced or to entirely different matters. Articulation of this evidence may arise either by the act of delivering the requested materials or by responding to inquiries necessary to insure that there has been full compliance with the subpoena. All such evidence, at least presumptively, should be protected by the fifth amendment, where the other requisite grounds for asserting the privilege have been established.

*Fisher v. United States*, 96 S.Ct. 1569 (1976), concerned an accountant's working papers that were objectively identifiable. The testimonial assertion implied in the production of the documents was de minimis and, as such, was outside the purview of the fifth amendment. In this respect, the working papers of an accountant, such as those at issue in *Fisher*, may present a special case.

The *Fisher* case may not apply to other writings or materials, especially those of a more private nature, even where the testimonial assertion does not amount to an implicit authentication. This is not a recognition that the contents of such writings necessarily are protected; rather, it follows from the high probability that an order to produce personal papers may compel assertions or communications that fall within the privilege.

Appellant has made no showing that the considerations mentioned above are present in his case. He argues, instead, that *Fisher* should not apply because he owns the working papers. I therefore concur in the judgment and opinion of the court.