

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-5-2005

# USA v. Coplin

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3362

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Coplin" (2005). *2005 Decisions*. Paper 164.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/164

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-51                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3362
_____

UNITED STATES OF AMERICA

v.

JEFFREY COPLIN,
Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. No. 00-cr-00745)
District Judge: Honorable J. Curtis Joyner

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
November 17, 2005

BEFORE: SLOVITER, McKEE and FISHER, Circuit Judges

(Filed December 5, 2005)
_____

OPINION
_____

PER CURIAM.

Appellant, Jeffrey Coplin, appeals from the District Court's order denying his

motion seeking grand jury material. For the following reasons, we will summarily affirm.

Coplin pled guilty to distribution of cocaine base and distribution of cocaine base

within 1,000 feet of a public playground, in violation of 18 U.S.C. §§ 841(a)(1) and 860.

He was sentenced to concurrent sentences of 20 years imprisonment and 10 years supervised release. On August 9, 2004, we affirmed on direct appeal.

In May 2005, Coplin filed a "Motion for Transcript of Grand Jury Minutes." In addition to requesting the disclosure of grand jury materials, Coplin alleged that he "is innocent of the charges," that the "gran[d] jury was mislead to think that the petitioner was a big drug dealer," and that the government was engaged in a "vindictive prosecution." The motion did not expressly request any relief from Coplin's criminal conviction or sentence. In a one-sentence order entered June 28, 2005, the District Court denied the motion. Coplin timely filed this appeal.

As a threshold matter, we are satisfied that we have appellate jurisdiction, as the denial of the request for disclosure of grand jury materials in this case qualifies as an appealable final order pursuant to 28 U.S.C. § 1291. See United States v. Miramontez, 995 F.2d 56, 59 n.4 (5th Cir. 1993) ("Orders granting or denying disclosure of grand jury materials for use in civil actions are appealable."); In re Grand Jury Investigation No. 78-184, 642 F.2d 1184, 1187 (9th Cir. 1981) (holding that Rule 6(e) motion filed after criminal proceedings terminated was independent proceeding and that order entered was final and appealable under § 1291 because it conclusively resolved disclosure issue, which was only issue raised), aff'd sub nom. United States v. Sells Engineering, Inc., 456 U.S. 960 (1983); United States v. Sobotka, 623 F.2d 764, 766 (2d Cir. 1980) (same); State of Wisc. v. Schaffer, 565 F.2d 961, 965 n.1 (7th Cir. 1977) (same).

We have explained the standards governing disclosure of grand jury information as follows:

> To support a motion for a judicially ordered disclosure of grand jury testimony, a party must show a particularized need for that information which outweighs the public interest in secrecy. [] Once such a need is shown, the district court must weigh the competing interests and order so much disclosure as needed for the ends of justice. [] In balancing the competing interests, the district court necessarily is infused with substantial discretion. [] This court must analyze a district court's decision to disclose grand jury information only to determine if there was an abuse of that discretion.

United States v. McDowell, 888 F.2d 285, 289 (3d Cir. 1989) (citations and quotation marks omitted). We find no abuse of the District Court's discretion here. Coplin alleged that he needed the grand jury material to demonstrate that "he was being prosecuted because of his sister's involvement with the DEA." Apparently, Coplin believes that the government was engaged in a "vindictive prosecution" because his sister refused to cooperate with the DEA. However, Coplin fails to indicate how the grand jury material would support his theory, and he certainly does not demonstrate a particularized need that outweighs the public interest in secrecy.

In sum, this appeal presents "no substantial question," see 3rd Cir. LAR 27.4 and I.O.P. 10.6, and thus we will summarily affirm the District Court's order. Coplin's "Motion for Transcript of Grand Jury Minutes" and his "Motion for Judgment," filed in this Court on August 4, 2005 and October 14, 2005, respectively, are denied.