719 F.2d 985
 83-2 USTC P 9662
 In re Grand Jury Investigation, Peter A. SELLS, et al.
SELLS, INC., a California corporation, commonly known as
Sells Engineering Company, Inc., Peter A. Sells,
Fred R. Witte, Center Glass Co. No. 3,
and B & W Investments, Appellants,
v.
UNITED STATES of America, Appellee.
 No. 80-5829.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 3, 1982.
Submission Withdrawn July 16, 1982.
Resubmitted Sept. 21, 1983.
Decided Nov. 1, 1983.
 
 Arlington Ray Robbins, Shenas, Robbins, Shenas & Shaw, San Diego, Cal., for appellants.
 Robert E. Lindsay, William A. Whitledge, Washington, D.C., for appellee.
 Appeal from the United States District Court for the Southern District of California.
 Before WRIGHT, SNEED and ALARCON, Circuit Judges.
 SNEED, Circuit Judge:
 
 
 1
 This appeal is from an order of the district court granting the Internal Revenue Service (IRS) access to specified grand jury materials pursuant to Rule 6(e)(3)(C)(i) of the Federal Rules of Criminal Procedure. The IRS sought the documents to facilitate a determination of appellants' civil tax liability for the years 1972 and 1973. We heard oral argument on March 3, 1982, but ordered submission withdrawn pending decision by the Supreme Court in a related case. On the basis of United States v. Sells Engineering, Inc., --- U.S. ----, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983) (Sells II ), and United States v. Baggot, --- U.S. ----, 103 S.Ct. 3164, 77 L.Ed.2d 785 (1983), both decided on the same day, we reverse and remand.
 
 I.
 FACTS
 
 2
 The circumstances leading to this appeal involve a long and as yet incomplete investigation that in 1973 began as an IRS audit of appellants' 1972 and 1973 tax returns. IRS agents discovered indications of fraud and referred the case to the Intelligence Division of the IRS to determine whether criminal violations had occurred. Although the investigation was hindered when appellants refused to comply with administrative summonses for certain corporate records, IRS agents eventually found sufficient evidence of criminal activity to recommend that a grand jury be convened.[1]
 
 
 3
 In 1976 a federal grand jury began an investigation of charges that appellants had criminally defrauded the United States in connection with contracts with the United States Navy, and evaded the federal income tax. The grand jury subpoenaed, and appellants produced, many of the materials earlier sought by way of administrative summonses. The investigation continued with IRS personnel assisting Justice Department attorneys. Ultimately, the grand jury returned indictments against four individual defendants, including appellants Witte and Sells. Appellants each pled guilty to one count of conspiracy to defraud the government by obstructing an IRS investigation. All other charges were dismissed.
 
 
 4
 On December 18, 1978, attorneys employed in the Civil Division of the Justice Department moved in the district court for disclosure of the documents, exhibits, and testimony acquired by the grand jury in conjunction with an investigation into potential causes of action against appellants under the False Claims Act, 31 U.S.C. Secs. 231-235 (1976 & Supp. V 1981), and at common law. The district court held that the Civil Division was entitled to the materials as a matter of right under Rule 6(e)(3)(A)(i), of the Federal Rules of Criminal Procedure. This court reversed, holding that Rule 6(e)(3)(A)(i) is inapplicable, and remanded for a hearing to determine if Rule 6(e)(3)(C)(i) authorizes disclosure. In re Grand Jury Investigation No. 78-184 (Sells, Inc.), 642 F.2d 1184 (9th Cir.1981) (Sells I ). The Supreme Court recently affirmed our decision, sub nom. United States v. Sells Engineering, Inc., --- U.S. ----, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983) (Sells II ), and the case is now on remand in the district court.
 
 
 5
 The United States also sought to fix appellants' civil tax liability. In June of 1980, it moved for disclosure of the grand jury materials for use by IRS agents in their renewed efforts to determine the amount of appellants' tax liabilities for the years 1972 and 1973. Following an adversarial hearing, and following a court ordered narrowing of the requested scope of disclosure and distribution, the district court signed the order granting disclosure pursuant to Rule 6(e)(3)(C)(i) from which this appeal is taken. A request by appellants for a stay pending appeal was denied.
 
 II.
 RULE 6(e)(3)(C)(i) DISCLOSURE
 
 6
 Rule 6(e) of the Federal Rules of Criminal Procedure codifies the traditional rule of grand jury secrecy. With specified exceptions, it prohibits disclosure of "matters occurring before the grand jury."[2] Fed.R.Crim.P. 6(e)(2). One such exception is set forth in subsection (3)(C)(i). It authorizes disclosure "when so directed by a court preliminarily to or in connection with a judicial proceeding." The controversy here is whether the district court erred in ordering "(C)(i)" disclosure to the IRS for use in a civil tax investigation.
 
 
 7
 Our jurisdiction to address this issue rests on 28 U.S.C. Sec. 1291 (1976), as amended by Pub.L. No. 97-164, Sec. 124, 96 Stat. 36 (1982). The disclosure order, which conclusively resolved the only issue in an independent judicial proceeding, is a "final decision" and therefore immediately appealable. In re Grand Jury Investigation No. 78-184 (Sells, Inc.), 642 F.2d 1184, 1187 (9th Cir.1981) (Sells I ), aff'd sub nom., United States v. Sells Engineering, Inc., --- U.S. ----, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983) (Sells II ).
 
 
 8
 Disclosure of grand jury materials under subsection (C)(i) is subject to the limited discretion of the district court. Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 223-24, 99 S.Ct. 1667, 1675-76, 60 L.Ed.2d 156 (1979); Sells I, 642 F.2d at 1191. To justify disclosure, the party seeking access must make a strong showing that: (1) disclosure is sought "preliminarily to or in connection with a judicial proceeding," and (2) there is a particularized need for the materials. See Sells II, 103 S.Ct. at 3148. In our opinion, the government failed to make a proper showing with respect to both issues. We shall address each separately.
 
 
 9
 A. Disclosure Was Not "Preliminarily To Or In Connection With A Judicial Proceeding"
 
 
 10
 The Supreme Court, in United States v. Baggot, --- U.S. ----, 103 S.Ct. 3164, 77 L.Ed.2d 785 (1983), recently explained the relationship between the two requirements for disclosure, and held in circumstances virtually identical to those here that an IRS audit of civil tax liability is not "preliminarily to or in connection with a judicial proceeding." Justice Brennan summarized the rationale leading to the Court's decision as follows:
 
 
 11
 The provision in (C)(i) that disclosure may be made "preliminarily to or in connection with a judicial proceeding" is, on its face, an affirmative limitation on the availability of court-ordered disclosure of grand jury materials. In our previous cases under Rule 6(e), we have not had occasion to address this requirement in detail, focusing instead on the requirement that the moving party show particularized need for access to grand jury materials. See Sells, ante, [--- U.S.] at ---- - ----, 103 S.Ct. at 3147-3149, and cases cited. The two requirements, though related in some ways, are independent prerequisites to (C)(i) disclosure. The particularized need test is a criterion of degree; the "judicial proceeding" language of (C)(i) imposes an additional criterion governing the kind of need that must be shown. It reflects a judgment that not every beneficial purpose, or even every valid governmental purpose, is an appropriate reason for breaching grand jury secrecy. Rather, the Rule contemplates only uses related fairly directly to some identifiable litigation, pending or anticipated. Thus, it is not enough to show that some litigation may emerge from the matter in which the material is to be used, or even that litigation is factually likely to emerge. The focus is on the actual use to be made of the material. If the primary purpose of disclosure is not to assist in preparation or conduct of a judicial proceeding, disclosure under (C)(i) is not permitted. See United States v. Young, 494 F.Supp. 57, 60-61 (ED Tex.1980).
 
 
 12
 103 S.Ct. at 3167 (emphasis in original) (footnotes omitted).
 
 
 13
 Here, the primary purpose of disclosure was to allow IRS agents to determine the appellants' correct tax liabilities. Both the government's motion for disclosure and the district court's disclosure order explicitly so state. In re Grand Jury Investigation, Peter A. Sells, et al., Crim. No. 78-0279-GT (S.D.Cal. Sept. 18, 1980) (unpublished order) (hereinafter "disclosure order"). Such a determination is not a judicial proceeding. In the district court, the government claimed that disclosure nonetheless was sought "preliminarily to ... a judicial proceeding" because any deficiency assessment could lead to a petition for redetermination before the Tax Court or a suit for refund in the Court of Claims or the district court. The argument has force; its flaw, however, is that the Supreme Court rejected it in Baggot. A judicial proceeding may result from a deficiency assessment only at the initiation of the taxpayer. 103 S.Ct. at 3167-68. The Supreme Court held that a possibility of a judicial proceeding is not enough to bring an administrative tax investigation within (C)(i). "Where an agency's action does not require resort to litigation to accomplish the agency's present goal, the action is not preliminary to a judicial proceeding for purposes of (C)(i)." Id. at 3168.
 
 
 14
 Under the principle enunciated in Baggot, it is indisputable that disclosure pursuant to Rule 6(e)(3)(C)(i) was inappropriate here. What is disputable, however, is whether Baggot controls the disposition of this appeal. Three arguments are made that it should not.
 
 
 15
 First, it is argued that Baggot should not apply to a disclosure order filed three years before Baggot was decided. We disagree. The general rule is that an appellate court should apply the law as it stands on the date of the appellate decision. See Thorpe v. Housing Authority, 393 U.S. 268, 281-83, 89 S.Ct. 518, 525-27, 21 L.Ed.2d 474 (1969); United States v. The Schooner Peggy, 5 U.S. (1 Cranch) 103, 110, 2 L.Ed. 49 (1801). This is true even if the result is reversal of a decision that was correct when made. Courts have made exceptions to this general rule to prevent manifest injustice, see, e.g., Greene v. United States, 376 U.S. 149, 84 S.Ct. 615, 11 L.Ed.2d 576 (1964), but this is not such a case.[3] See Bradley v. School Board, 416 U.S. 696, 716-21, 94 S.Ct. 2006, 2018-21, 40 L.Ed.2d 476 (1974). Thus, we are bound to apply Baggot to the facts of this case.
 
 
 16
 Second, the government points out that appellants failed to raise the "judicial proceeding" issue below and argues that they thereby waived it.[4] We disagree. It is true that appellants did not contest the government's assertion that the materials were sought preliminary to a judicial proceeding in the district court. We also acknowledge that normally an appellant may not present arguments in this court that it did not properly raise below. Rothman v. Hospital Service of Southern California, 510 F.2d 956, 960 (9th Cir.1975). Courts have never applied the "waiver" rule inflexibly, however. Singleton v. Wulff, 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976). Here, the question is a purely legal one that is both central to the case and important to the public. In such cases we may dispense with the waiver rule. United States v. Dann, 706 F.2d 919, 925 n. 5 (9th Cir.1983); Telco Leasing, Inc. v. Transwestern Title Co., 630 F.2d 691, 693 (9th Cir.1980). We do so here.
 
 
 17
 Third, the government contends that the "preliminarily to ... a judicial proceeding" issue was mooted by the release of the grand jury materials to the IRS agent and by his determination of the appellants' correct tax liability. It is true that we cannot restore the secrecy that already has been lost. That fact does not demonstrate mootness, however. By its terms, the disclosure order contemplates increasingly broad distribution of materials as the stages of administrative and, potentially, judicial proceedings progress. That is, after any deficiency is assessed by the IRS, there are continuing steps of administrative review and, ultimately, the deficiency may be contested in a judicial proceeding. See 4 B. Bittker, Federal Taxation of Income, Estates and Gifts paragraphs 111.5, 112.1, 115.1, 115.2, 115.7 (1981) (enumerating steps by which deficiencies are assessed, contested, and collected). The district court's order explicitly authorizes disclosure to the extent necessary in each of these stages. Therefore, the circumstances presented here involve a court order authorizing a continued and increasingly wide breach of grand jury secrecy. Sells II, 103 S.Ct. at 3137 n. 6. This imparts life to the dispute. The appeal is not moot. We are not powerless to accord relief if, indeed, the order was erroneously entered. Sells I, 642 F.2d at 1187-88.
 
 
 18
 We therefore hold that the district court erred when it ordered, pursuant to Rule 6(e)(3)(C)(i), the disclosure of grand jury materials to government officials for the purpose of assessing appellants' tax liabilities for the years 1972 and 1973.
 
 
 19
 B. Government Did Not Demonstrate Particularized Need
 
 
 20
 The district court's order, as already pointed out, purports to authorize disclosure not only during the administrative stages of the IRS' investigation, but also during any subsequent judicial proceedings. While Rule 6(e)(3)(C)(i) does authorize disclosure in such judicial proceedings, it does so only if a particularized need is demonstrated. Sells II, 103 S.Ct. at 3148-49. Thus, we must address whether the order's authorization of disclosure during subsequent judicial proceedings will withstand attack on the ground that as yet no particularized need has been shown. It cannot. We hold that the order is invalid in its entirety.[5]
 
 
 21
 The government's attempt to show particularized need compared potential savings (in terms of time and expense) in the administrative investigation against the need for secrecy. This is a decision already made by Congress. United States v. Baggot, 103 S.Ct. at 3167-68. Administrative efficiency is not the kind of need that justifies a breach of grand jury secrecy. Rather, to justify disclosure preliminary to or in connection with a judicial proceeding, the government must show that, absent disclosure, injustice will occur in the contemplated proceeding, 103 S.Ct. at 3167 n. 4, as well as proof "that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979). No such showing was made here.
 
 
 22
 The appellants also allege grand jury abuse and subversion on the part of government officials.[6] During the adversarial hearing on the Rule 6(e) motion, the lower court found as a matter of law that no subversion occurred because the grand jury returned indictments that led to three guilty pleas and one conviction, and therefore denied appellants' request for an evidentiary hearing on the grand jury abuse issue.[7] Having found the disclosure order invalid in its entirety, we do not need to reach the allegations of grand jury abuse.[8]III.
 
 CONCLUSION
 
 23
 In this case we confront a situation in which the district court ordered disclosure prematurely, before any judicial proceeding was contemplated, with the result that the court failed to resolve, or even address, the question of particularized need. Should the government seek a new order, authorizing disclosure in order to defend a redetermination or refund suit brought by appellants, the court must demand a showing of particularized need as required by our decision in Sells I, 642 F.2d 1184 (9th Cir.1981), aff'd sub nom. United States v. Sells Engineering, Inc., --- U.S. ----, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983) (Sells II ). Pending such eventuality, the district court shall take such steps as are, in its discretion, necessary to protect appellants from the effects of past disclosure.
 
 
 24
 The order of the district court is vacated and the cause remanded for further proceedings consistent with this opinion.
 
 
 25
 REVERSED AND REMANDED.
 
 
 
 [1]
 The district court ordered the summonses enforced on July 29, 1975, but stayed the order pending appeal to this court. Before decision in this court, many of the requested documents were turned over to the grand jury. We remanded for reconsideration, United States v. Center Glass Co. No. 3, No. 75-3025 (9th Cir. Oct. 13, 1978) (unpublished memorandum), and, because the government did not pursue enforcement of the summonses, the district court dismissed the action for lack of prosecution
 
 
 [2]
 The government argues that the "bulk of the disclosure" should be affirmed on the ground that the materials were not "matters occurring before the grand jury" and thus not within the secrecy provisions of Rule 6(e). Courts have not approached this issue with unanimity. See In re Doe, 537 F.Supp. 1038, 1043-47 (D.R.I.1982) (describing "four different approaches to the question of whether disclosure of documents subpoenaed by the grand jury is governed by the secrecy provisions of 6(e)."). We do not reach this issue because it was raised for the first time on appeal. On remand, the district court should determine what effect, if any, this issue bears upon the steps necessary to prevent further unauthorized disclosure
 
 
 [3]
 The Supreme Court in Bradley v. School Board, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), identified the following concerns as relevant in the determination of "manifest injustice": "(a) the nature and the identity of the parties, (b) the nature of their rights, and (c) the nature of the impact of the change in law upon those rights." Id. at 717, 94 S.Ct. at 2019. These concerns focus on the "private nature" of certain cases, the "unconditional nature" of certain rights, and the "unanticipated consequences" arising from application of the new law. Based on the Supreme Court's analysis in Bradley, we find no manifest injustice present here
 
 
 [4]
 Appellants raise the "judicial proceeding" argument for the first time in their reply brief
 
 
 [5]
 At trial below, as well as on this appeal, appellants oppose the disclosure motion on two grounds: (1) that the government failed to demonstrate a particularized need, and (2) that grand jury abuse on the part of government officials should preclude disclosure notwithstanding the degree of need shown. Because we agree with the first contention we need not reach the second
 
 
 [6]
 The appellants assert three distinct forms of grand jury abuse. First, they claim that the grand jury was instigated to circumvent a judicial order staying enforcement of administrative summonses. Second, they allege that IRS personnel have gained access to the information, thereby violating the secrecy of the process. Finally, they challenge the manner in which the investigation was conducted
 
 
 [7]
 The appellants ask for an evidentiary hearing on the issue of grand jury abuse, separate and apart from the "(C)(i)" disclosure hearing. Since the two issues are related, it is in the district court's discretion whether such hearings, if any, will be combined or separated. See In re Grand Jury Proceedings, Miller Brewing Company, 687 F.2d 1079, 1086 (7th Cir.1982)
 
 
 [8]
 Cases decided since the issuance of the district court's disclosure order have clarified the relationship between allegations of abuse and the standards for granting a "(C)(i)" disclosure order. In Sells I, 642 F.2d at 1192, we said: "Any grand jury abuse that has occurred is relevant to the district court's decision whether to disclose, and the court should consider appellants' allegations of such abuse." While it is true that the likelihood of grand jury abuse is significantly reduced in cases in which the grand jury returns an indictment, compare United States v. Pennsalt Chemicals Corp., 260 F.Supp. 171 (E.D.Pa.1966) (greater likelihood of improper use where grand jury fails to return indictments), it is questionable whether the district court should have summarily dismissed the allegations simply because the indictments led to three guilty pleas and one conviction. It perhaps would have been better had the district court looked beyond the guilty pleas and conviction to consider the merits of the grand jury abuse allegations and their impact on disclosure. The district court should consider the importance, if any, of the findings on the appellants' allegations of grand jury abuse currently before the district court in a related case. See Sells II, 103 S.Ct. 3149 n. 36 (remanding case to district court, with similar suggestion)