In re **GRAND JURY PROCEEDINGS,**
**Petition for Disclosure of Grand**
**Jury Materials,**

George P. **BALLAS;** Ann T. **Ballas;** Samuel H. **Booker;** Sara C. **Booker;** Robert J. **David;** Donald **Housman;** Frank **Poorman;** Margaret W. **Poorman,** Petitioners–Appellants,

v.

**UNITED STATES of America,**
Respondent–Appellee.

No. 94–56565.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 2, 1995.

Decided Aug. 8, 1995.

Maurice A. Leiter, Arnold & Porter, Los Angeles, CA, and K. Peter Schmidt, Arnold & Porter, Washington, DC, for petitioners-appellants.

Robert E. Lindsay and William A. Whitledge, U.S. Dept. of Justice, Washington, DC, for respondent-appellee.

Before: FLETCHER, BRUNETTI, and T.G. NELSON, Circuit Judges.

T.G. NELSON, Circuit Judge:

## I

## OVERVIEW

George P. and Ann Ballas, Samuel H. and Sara C. Booker, Robert J. David, Donald Housman, and Frank and Margaret W. Poorman ("taxpayers") appeal the district court's order denying their petition for disclosure under Fed.R.Crim.P. 6(e) of grand jury investigative materials prepared by the Tax Division of the United States Department of Justice and the Internal Revenue Service during their investigation of the promoters of an abusive tax shelter called AMCOR. The district court concluded that the taxpayers-investors in AMCOR, who are currently petitioners for redetermination of their tax liability in tax court, were not entitled to release of the grand jury materials for use in their tax court case. We affirm.

## II

## FACTS AND PRIOR PROCEEDINGS

Prior to 1989, and continuing until 1990, the IRS conducted an administrative investigation into possible criminal violations of the Internal Revenue Code by promoters of an abusive tax shelter program known as AMCOR. From April 1990 until April 1993, the Government conducted a grand jury investigation under the supervision of the United States District Court for the Central District of California into the AMCOR abusive tax shelter. No indictments were returned.

The taxpayers in this case were investors in the AMCOR tax shelter program. They were not targets of, witnesses before, or otherwise involved in the grand jury proceeding. The IRS disallowed the AMCOR-related deductions and losses claimed by the taxpayers. The taxpayers petitioned the tax court for a redetermination of those deficiencies. During pretrial discovery in the tax court, counsel for the IRS refused to produce some of the requested records because they were in the possession of the grand jury. Taxpayers then filed a petition for disclosure of grand jury information pursuant to Rule 6(e) [1] in the district court, contending that the information sought was fundamental to their concerns that the Government may have violated the prohibition against use of grand jury materials in civil proceedings. *See United States v. Baggot*, 463 U.S. 476, 103 S.Ct. 3164, 77 L.Ed.2d 785 (1983); *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983).

The Government did not oppose the petition, except to the extent that it sought internal Government documents protected by the attorney work-product privilege. The Government agreed that the materials sought by the petition were not within the definition of "matters occurring before the grand jury" under *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1412–14 (9th Cir.1993), and agreed that the materials could be released to IRS coun-

---

1. Rule 6(e), Federal Rules of Criminal Procedure, provides in relevant part:

    (2) General Rule of Secrecy. A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.

    . . . .

    (3) Exceptions. (C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—
    (i) when so directed by a court preliminarily to or in connection with a judicial proceeding.

sel. The district court ordered disclosure of the requested information.

The Government subsequently filed a petition for an order directing the return of grand jury materials, informing the district court that it had discovered that a two-page letter and sixteen pages of internal Tax Division memoranda, created at the conclusion of the grand jury investigation and containing "matters occurring before the grand jury," were in the possession of the IRS attorneys involved in the tax court cases. The two-page letter, which referenced the internal memoranda, was provided to taxpayers during discovery, but the memoranda were not provided. The IRS had not obtained an order of the district court, as required by Rule 6(e), authorizing it to have access to any grand jury materials. There was no explanation of how these two documents came into the possession of the IRS.

Taxpayers then moved to obtain access to the sixteen pages of memoranda pursuant to Rule 6(e)(3)(C)(i), and advised the court that during discovery they found four sets of documents with grand jury exhibit stickers on them and four other documents they believed were materials protected by the secrecy requirement of Rule 6(e). They also asked the court to require the Department of Justice to conduct an investigation into the breaches of grand jury secrecy, provide them with a copy of any resulting report, and produce a log detailing all documents that had been gathered by the grand jury and then disclosed to the IRS.

The district court granted the Government's motion and ordered the taxpayers and the IRS counsel to return to the Department of Justice all memoranda and correspondence containing information regarding the grand jury investigation, and also directed the return of the eight items described in the taxpayers' papers. The district court also denied taxpayers' requested relief. Noting that only the sixteen pages of memoranda were at issue, the court held that only isolated and technical instances of improper disclosure had occurred. With respect to the requested log and inquiry, the court concluded that the relief was not authorized or necessary, because:

Petitioners have made neither a factual nor a legal showing in support of their request. As mentioned, the record indicates nothing more than isolated instances of unintentional noncompliance by the government. Furthermore, when the government discovered there was a breach of grand jury secrecy, it was the government that originally brought the matter to the attention of the Court.

The court also noted that the Government indicated it would voluntarily comply with the request to provide a list of all personnel who had access to the grand jury material or to whom the material was disclosed. Taxpayers timely appeal.

## III

### STANDARD OF REVIEW

██ The district court's resolution of a petition for disclosure of grand jury material under Rule 6(e) is reviewable for abuse of discretion. *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 223, 99 S.Ct. 1667, 1675, 60 L.Ed.2d 156 (1979); *United States v. Plummer,* 941 F.2d 799, 806 (9th Cir.1991).

## IV

### DISCUSSION

A. The District Court's Denial of Taxpayer's Request for an Independent Inquiry and a Log

The taxpayers contend that, considering the clear implication of the facts in the record, the district court erred in not ordering an inquiry into the scope and circumstances of the Rule 6(e) violations in this case. They argue that not only should an inquiry be conducted, but that they should also receive a copy of any resulting report and a log indicating all documents collected by the grand jury and released to the IRS.

██ We agree with the Government that the request for an independent inquiry is moot in light of the Government's representation to the district court (and this court) that the Office of Professional Responsibility of the Department of Justice is conducting an investigation into the disclosure and that the

resulting report will be filed with the district court *in camera* and under seal. Once the district court is advised of all the circumstances, it can consider whether release of the report to the taxpayers would be in the interest of justice in order to protect their interests in the tax court litigation. Neither party is foreclosed from a return to district court following the filing of the Department of Justice report.

■ We emphasize, however, that the taxpayers were not targets of, witnesses before, or otherwise involved in the grand jury proceeding. Although the district court may determine that sanctionable conduct took place when the grand jury secrecy was breached, such a sanction does not necessarily mean the taxpayers are entitled to a copy of a report detailing the Department of Justice investigation. *See Bank of Nova Scotia v. United States,* 487 U.S. 250, 263, 108 S.Ct. 2369, 2378, 101 L.Ed.2d 228 (1988) (describing methods of remedying Rule 6(e) errors); *see also Sells, Inc. v. United States,* 719 F.2d 985, 991 n. 8 (9th Cir.1983) (concerning relevance of grand jury abuse in disclosure decision). It is the duty of the district court, not the tax court or these taxpayers, to preserve the secrecy of grand jury proceedings and to devise sanctions for violations of Rule 6(e).

■ We decline the taxpayer's invitation to order that a log of documents be produced or to deem any documents provided to the IRS by the Tax Division to be grand jury materials subject to the secrecy provisions of Rule 6(e). We agree with the district court that taxpayers have not made a factual or a legal showing in support of their request. Rule 6(e) does not provide a right to a litigant in another court to require the Government to produce logs of dispositions of evidence collected by the grand jury.

B. The District Court's Refusal to Order the Government to Produce the Internal Memoranda Previously Released to IRS Counsel

■ The taxpayers contend that the district court abused its discretion in concluding that the taxpayers did not make a sufficient showing of particularized need for the release of the sixteen pages of internal memoranda regarding the grand jury proceedings because it ignored material evidence demonstrating "serious and repeated violations of grand jury secrecy." We disagree that the district court ignored material evidence in this case; the taxpayers merely assume that the district court did not consider relevant factors. The district court's focus in its order was on the internal memoranda because they were the only documents taxpayers requested be produced under Rule 6(e). Although the district court did not specifically address the other alleged instances of breach of grand jury secrecy, it did conclude that "the record in this case indicates nothing more than 'isolated instances of noncompliance with technical rules of procedure,' and not the intentional and flagrant violations of grand jury secrecy by the government." (Emphasis added.) We agree with the Government that the record does contain evidence which rationally supports the district court's decision, and thus, there was no abuse of discretion. *See United States v. Schlette,* 842 F.2d 1574, 1577 (9th Cir.1988).

■ More importantly, we agree with the district court's determination that the taxpayers did not demonstrate particularized need for the internal memoranda. Taxpayers "must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil,* 441 U.S. at 222, 99 S.Ct. at 1674. "[T]he burden of demonstrating this balance rests upon the private party seeking disclosure." *Id.* at 223, 99 S.Ct. at 1675. As the secrecy concerns become less relevant, the party seeking disclosure "will have a lesser burden in showing justification." *Id.*

■ Even assuming the secrecy concerns here are slight,[2] taxpayers have not demonstrated the requisite particularized need. The bulk of the justification offered by the taxpayers for obtaining the memoranda in-

---

**2.** The five factors for determining the need for secrecy in a given case are: (1) the need to prevent the escape of prospective indictees; (2) the need to insure freedom to the grand jury in its deliberations; (3) the need to prevent subornation of perjury and tampering with witnesses

volves alleged misconduct on the part of the Government during and after the grand jury proceeding. However, this does not demonstrate a particularized need for disclosure of internal government memoranda concerning a grand jury proceeding that did not involve these taxpayers. The fact that the memoranda may somehow be "rationally related" to the civil tax case is an insufficient showing of particularized need for disclosure under *Douglas Oil. Sells Eng'g,* 463 U.S. at 445, 103 S.Ct. at 3149. This is also not the "typical showing of particularized need" which arises when a litigant seeks to use a grand jury transcript at trial to impeach, refresh the recollection of, or test the credibility of a witness. *See Douglas Oil,* 441 U.S. at 222 n. 12, 99 S.Ct. at 1674 n. 12. Given that the taxpayers were not targets of, witnesses before, or otherwise involved in the grand jury proceeding, this is a case in which the district court could "intelligently, on the basis of limited knowledge [of the tax court case] decide that disclosure plainly is inappropriate." *Id.* at 231, 99 S.Ct. at 1679.

■ The district court is vested with substantial discretion in assessing a request for disclosure under Rule 6(e). *Douglas Oil,* 441 U.S. at 223, 99 S.Ct. at 1675; *U.S. Indus., Inc. v. United States Dist. Court,* 345 F.2d 18, 21 (9th Cir.), *cert. denied,* 382 U.S. 814, 86 S.Ct. 32, 15 L.Ed.2d 62 (1965). Under this deferential standard of review, we do not substitute our judgment for that of the district court. *Schlette,* 842 F.2d at 1577. The district court did not abuse its discretion in refusing to order the production of the memoranda to the taxpayers.

## V

### CONCLUSION

We affirm the district court's denial of the taxpayers' request for a log indicating all

documents collected by the grand jury and released to the IRS. We affirm the district court's denial of the taxpayers' request for an independent inquiry into the Rule 6(e) violations, as well as the district court's refusal to release the internal memoranda to the taxpayers. Our ruling is without prejudice to the parties, or any of them, requesting a release of information from the district court following the filing of the Department of Justice report upon an adequate showing that protection of their interests in the tax court litigation requires disclosure.

AFFIRMED.

---

by targets of the investigation; (4) the need to encourage free disclosure by witnesses before the grand jury; and (5) the need to protect those exonerated by the grand jury from disclosure of the fact that they were under investigation. *United States v. Procter & Gamble Co.,* 356 U.S. 677, 681 n. 6, 78 S.Ct. 983, 986 n. 6, 2 L.Ed.2d 1077 (1958); *United States v. Dynavac, Inc.,* 6 F.3d 1407, 1411 (9th Cir.1993). The importance of the first three factors is insignificant in this case because the grand jury investigation has been terminated. The fourth factor is still a

consideration because we are required to consider "not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries." *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979). As to the fifth factor, the fact that an indictment was not issued in this case increases the need for secrecy to protect those exonerated. *United States v. Fischbach and Moore, Inc.,* 776 F.2d 839, 844 (9th Cir.1985).